Case 6:16-cv-01831-RBD-KRS Document 1 Filed 10/20/16 Page 1 of 6 PageID 1

FILED
2016 OCT 20 PM 3:38
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE RAMIREZ,

    Plaintiff,

vs.

GROUP SERVICES, INC.,

    Defendant.

Case No.: 6:16-cv-1831-ORL-37-KRS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jorge Ramirez, sues Defendant, Group Services, Inc. ("Group Services"), and alleges:

### Introduction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. Plaintiff is the registered owner of the copyrights to the original photographs set forth on Exhibit A (the "Photographs-in-Suit").

### The Parties

3. Plaintiff, Jorge Ramirez, is an individual residing in Orlando, Florida. Plaintiff is a citizen of the United States.

4. Group Services is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico.

5. Group Services may be served with process herein by delivery to Saul Tanal, Cond. San Alberto, Suite 721, 605 Condado Ave., San Juan, PR 00907.

1

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition); and/or 28 U.S.C. § 1332(a) (diversity of citizenship and amount in controversy).

7. This Court has personal jurisdiction over Defendant both because: (i) Defendant has caused injury to Plaintiff and his intellectual property in the State of Florida and in this judicial district, and (ii) Defendant engaged in substantial and not isolated business activities in the State of Florida.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 both because: (i) a substantial part of the events or omissions giving rise to the claim occurred in this district, and (ii) Defendant is subject to the Court's personal jurisdiction within this district.

## Factual Background

9. Plaintiff is a professional photographer of great skill and acclaim. The outstanding quality of Plaintiff's photography earned him the U.S. Army's highest award for journalistic standards and a nomination for a Pulitzer Prize. Plaintiff's clients have included many multinational corporations, such as Budweiser, McDonalds, Burger King, Subway, MasterCard, and Kodak, to name but a few.

10. Plaintiff is selective and deliberate in the licensing of his photography, and given his skill and popularity, Plaintiff commands significant payment for licensing his photography to be used in highly visible advertisement campaigns.

11. Plaintiff is the author and copyright owner of the eight (8) photographic works listed on Exhibit A, collectively referred to as the "Photographs-in-Suit." True and correct

copies of Plaintiff's Certificates of Copyright Registration for the Photographs-in-Suit are attached hereto as composite Exhibit B.

12. Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive rights, among other things, to: (a) reproduce the Photographs-in-Suit in copies, (b) prepare derivative works based on the Photographs-in-Suit, (c) distribute copies of the Photographs-in-Suit to the public, and (d) display the Photographs-in-Suit publicly.

13. Group Services represents itself to be "Puerto Rico's premier event and destination management company."

14. In order to promote its business and obtain customers, Defendant operates and maintains the website www.gsipuertorico.com, along with pages on several social media sites (such as Facebook, Twitter, and Instagram).

15. Defendant reproduced, distributed, displayed, published, and otherwise used the Photographs-in-Suit on its website and social media pages.

16. Defendant was not licensed authorized or permitted to reproduce, modify, distribute, display, or otherwise use the Photographs-in-Suit. And, Plaintiff never consented to these infringing activities.

17. At all times relevant to this action, Defendant has or should have known that it was not authorized to reproduce, modify, distribute, display, or otherwise use the Photographs-in-Suit.

18. Defendant did not compensate Plaintiff for its reproduction, modification, distribution, display, or other use of the Photographs-in-Suit.

## Miscellaneous

19. All conditions precedent to bringing this action have occurred or been waived.

20. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
### Direct Infringement of Copyrights

21. The allegations set forth in paragraphs 1-20 are hereby re-alleged as if fully set forth herein.

22. Plaintiff is the registrant of the copyrights to the Photographs-in-Suit as set forth on Exhibit A. Each of the Photographs-in-Suit covers an original work of authorship.

23. Defendant, in order to promote its business, reproduced, distributed, displayed, and/or created derivative works based on the constituent elements of each of the Photographs-in-Suit.

24. Plaintiff did not permit, consent, or authorize Defendant's reproducing, distributing, displaying, or creating derivate works based on the Photographs-in-Suit.

25. As a result of the foregoing, Defendant has infringed Plaintiff's exclusive rights to:

A. Reproduce the Photographs-in-Suit in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

B. Prepare derivative works based upon the Photographs-in-Suit, in violation of 17 U.S.C. §§ 106(2) and 501;

C. Distribute copies of the Photographs-in-Suit to the public by sale or other transfer of ownership, or by rental lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; and

D. Display the Photographs-in-Suit publicly, in violation of 17 U.S.C. §§ 106(5) and 501, by (i) displaying the Photographs-in-Suit in a place open to the public or at any place where a substantial number of persons outside of a normal circle of family and social acquaintances is

gathered and/or (ii) transmitting or otherwise communicating said display of the Photographs-in-Suit by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

26. Defendant's infringement of each of Plaintiff's rights in and to each and every one of the Photographs-in-Suit constitutes a separate and distinct act of infringement.

27. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

28. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

(A) Permanently enjoin Defendant from continuing to infringe Plaintiff's exclusive rights under copyright;

(B) Order that Defendant destroy all copies of the Photographs-in-Suit made in violation of Plaintiff's exclusive rights under copyright that are in Defendant's possession, custody, or control;

(C) Award Plaintiff the actual damages suffered as a result of the infringements and Defendant's profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or for statutory damages in the amount of $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

(D) Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(E) Grant Plaintiff all such other and further relief this Court deems just and proper.

5

## Demand For Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 18, 2016.

                            Respectfully submitted,

                            By: _____
                            David F. Tamaroff, Esq. (Fla. Bar 92084)
                            TAMAROFF LAW, P.A.
                            2 S. Biscayne Blvd., PH 3800
                            Miami, Florida 33131
                            Tel: (786) 431-2326
                            Fax: (786) 431-2229
                            david@tamarofflaw.com
                            *Attorneys for Plaintiff*