UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE RAMIREZ,

        Plaintiff,

v.                                                                    Case No. 6:16-cv-1831-Orl-37KRS

GROUP SERVICES, INC.,

        Defendant.

## **ORDER**

This cause is before the Court on consideration of: (1) Defendant's Special Appearance to File Motion to Dismiss for Lack of Personal Jurisdiction, for Failure to State a Claim for Which Relief Can Be Granted and for Improper Venue (Doc. 26), filed March 21, 2017; and (2) Plaintiff's Opposition to Defendant's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction, for Failure to State a Claim for Which Relief Can Be Granted, and for Improper Venue (Doc. 29), filed April 7, 2017.

### I.    BACKGROUND

On October 20, 2016, photographer Jorge Ramirez initiated this copyright infringement action against Defendant Group Services, Inc. concerning Defendant's alleged unauthorized use of nine photographic works ("**Photographs**"), authored by Plaintiff and registered in the U.S. Copyright and Trademark Office ("**Copyright Office**"). (*See* Doc. 24, ¶¶ 11, 19–22; Doc. 29-1, ¶¶ 6–8; Doc. 30.) Attached to the operative Amended Complaint are copies of the Photographs and copyright registrations

("**Registrations**").¹ (*See* Doc. 24, ¶ 11; Docs. 24-1, 24-2.)

In his Amended Complaint, Plaintiff alleges that Defendant "reproduced, distributed, displayed, published, and otherwise used" the Photographs on the Internet through its social media pages and its two websites: (1) www.gsipuertorico.com ("**GSI Website**"); and (2) www.gsipuertoricotours.com ("**Tour Website**"). (*See* Doc. 24, ¶¶ 4, 15–19.) Arguing that its presence on the Internet provides "insufficient contacts" with Florida to establish personal jurisdiction, Defendant moved to dismiss the Amended Complaint. (*See* Doc. 26 ("**MTD**").) Plaintiff responded (Doc. 29 ("**Response**")), Defendant replied (Doc. 42), and Plaintiff filed a sur-reply (Doc. 46). The Court held a hearing on the matter at 1:30 p.m. on May 16, 2017 (Doc. 43), and the matter is now ripe for adjudication.

## II.  LEGAL STANDARDS

Complaints filed in this Court must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). For personal jurisdiction, plaintiff must allege a prima facie case, which requires: (1) a basis for jurisdiction under Florida's Long-Arm Statute ("**FLAS**"), Florida Statutes, § 48.193; and (2) contacts with

---

¹ Registration number VA 1-908-348 covers the Flamenco Beach Aerial Photograph ("**Beach Photo**"), the Kayaking Couple Photograph ("**Kayak Photo**"), the Palominitos Island Photograph ("**Island Photo**"), the Royal Isabela Golf Club Aerial Photograph ("**Golf Photo**"), and the Zipline at Toro Verde Photograph ("**Zipline Photo**"). Registration number VA 1-955-682 covers the La Parguera 7 Lajas, 10/6/2010 Photograph ("**LPL Photo**"); Registration number VA 1-955-683 covers the El Yunque Waterfall 4, on or about 9/14/1994 Photograph ("**Waterfall Photo**"); Registration number VA 1-998-135 covers the Bikers at Hacienda Caribali 2 Photograph ("**Bikers Photo**"); and Registration number VA 1-999-347 covers the Cayon San Cristobal, 7/1/200 ("**CSC Photo**").

Florida that are sufficient to satisfy the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ("**DP Clause**"). *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004); *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500–02 (Fla. 1989).

Under FLAS, a party subjects itself to the specific jurisdiction of Florida courts "for any cause of action arising from" certain enumerated acts, if the acts are done by the party "personally or through an agent."[2] *See* Fla. Stat. § 48.193(1)(a). The enumerated acts include:

> (1) [c]ommitting a tortious act in Florida [*id.* § 48.193(1)(a)(2)] . . . . [and]
>
> (2) [c]ausing injury to persons or property within [Florida] arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
>> (a) the defendant was engaged in solicitation or service activities within [Florida]; or
>>
>> (b) [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within [Florida] in the ordinary course of commerce, trade, or use [ *id.* § 48.193(1)(a)(6)].

Specific personal jurisdiction under FLAS "concerns a nonresident defendant's contacts with Florida only as those contacts are related to the plaintiff's cause of action." *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013). For

---

[2] The reach of FLAS is a question of Florida law, which this Court must resolve as would the Florida Supreme Court. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (noting that FLAS is to be "strictly construed").

purposes of specific jurisdiction, the DP Clause is met when: (1) the plaintiff's claim "arise[s] out of or relate[s] to" the defendant's contacts with the forum; (2) the defendant "purposefully availed itself of the privilege of conducting activities" in Florida; and (3) "the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *See id*. at 1355 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

When a plaintiff fails to include sufficient allegations in his complaint to establish a prima facie case of personal jurisdiction, a defendant may assert a facial challenge to the complaint under Federal Rule of Civil Procedure 12(b)(2). *See Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002); *Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, No. 6:16-cv-656-Orl-40KRS, 2017 WL 1437464, at *5 (M.D. Fla. Apr. 4, 2017). A defendant also may assert a factual challenge under Rule 12(b)(2) by filing non-conclusory declarations challenging the jurisdictional allegations and showing that personal jurisdiction is absent. *See Meier*, 288 F.3d at 1268–69; *see also Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). If the declarations sufficiently refute the personal jurisdiction allegations, then the burden shifts back to the plaintiff to establish his prima facie case with evidence sufficient to "withstand a motion for directed verdict." *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (explaining that the burden of production shifts to the plaintiff when the defendant makes an evidentiary showing "of the inapplicability of the long-arm statute").

"[T]he issue of whether personal jurisdiction is present is a question of law." *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). In resolving the question, courts must "construe all reasonable inferences in favor of the non-movant" and deny a Rule 12(b)(2) motion if the "inferences are sufficient to defeat a motion for judgment as a matter of law." *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 809–10 (11th Cir. 2010). If the necessary inferences do not establish a prima facie case, then courts are "obligated" to grant the Rule 12(b)(2) motion and dismiss any unsupported claim without prejudice. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

### III. Discussion

According to the allegations of the Amended Complaint, Plaintiff resides in Orlando, Florida, and Defendant is a Puerto Rico corporation that "represents itself to be 'Puerto Rico's premier event and destination management company.'" (*See* Doc. 24, ¶¶ 3, 4.) Through the Internet, including the GSI and Tour Websites and various social media sites, the Defendant allegedly promotes its business to customers "throughout the United States, including" in Florida. (*See id.* ¶¶ 14–17.) Such online promotion allegedly includes unauthorized use of the Photographs. (*See id.* ¶¶ 19, 27, 29.) Plaintiff further alleges that:

> This Court has personal jurisdiction over Defendant because: (i) Defendant has committed the tortious act of copyright infringement alleged herein in the State of Florida and in this judicial district, (ii) Defendant has caused injury to Plaintiff and his intellectual property in the State of Florida and in this judicial district, and (iii) Defendant engaged in substantial and not isolated business activities in the State of Florida.

(*Id.* ¶ 7.)

Defendant does not deny that Plaintiff resides in Orlando and that the Photographs appear on its websites and social media accounts, which are accessible from Florida. (*See* Doc. 26, p. 10; Doc. 26-1, ¶ 10; Doc. 26-2, ¶ 4.) Nonetheless, Defendant argues that the Court should grant the MTD because Defendant has "insufficient contacts" with Florida. (*see* Doc. 26, pp. 3, 11.)

Defendant supports its MTD through the sworn declarations of its comptroller, Yasmin Nieves ("**Nieves Declarations**"), who advises that Defendant: (1) manages and updates that GSI and Tour websites from Puerto Rico (*see* Doc. 26-1, ¶¶ 10, 11; Doc. 26-2, ¶¶ 4, 5); (2) "maintains its mailing and contact address" at a location in Puerto Rico (*see* Doc. 26-1, ¶ 3); and (3) "lists no office locations, telephone number or fax number in the State of Florida" (*see id*. ¶ 4). Ms. Nieves denies that Defendant:

1. has any agents or employees or "business" in Florida (*id*. at ¶ 7);

2. owns any real property in Florida (*id*. at ¶ 8);

3. advertises or promotes its services in Florida (*see id*. ¶ 5);

4. pays for "direct advertisement (online or physical) anywhere" in Florida (*id*. ¶ 6); and

5. engages in conduct "intentionally designed to solicit business from consumers in Florida" (*id*. ¶ 9).

Plaintiff counters the Nieves Declaration with his own declaration and documentary evidence. (*See* Doc. 29-1 ("**Ramirez Declaration**").) With reference to Internet pages that reflect Defendant's use of the Photographs, its specific mentions of

Florida, and comments from Florida customers concerning Defendant's services, Plaintiff reasserts that Defendant successfully targets "persons in Florida and Florida residents." (*See* Doc. 29-1, ¶¶ 10, 15–26, 37; Doc. 29-2, p. 2; Doc. 29-6, p. 2; Doc. 29-7, p. 2; *see also* Doc. 29-4; Doc. 29-5.) Plaintiff argues that: (1) "Defendant is connected to Florida through its website[s] and social media pages that were specifically directed at, accessible in, and accessed in [Florida] for Defendant's commercial gain;" and (2) Defendant's acts of copyright infringement occurred in relation to such websites and social media pages and caused harm to Plaintiff in Florida. (Doc. 29, pp. 5–6.)

Importantly, for purposes of FLAS, copyright infringement is an intentionally tortious act that may be committed within Florida through an electronic communication into Florida from outside of Florida "so long as the plaintiff's cause of action arises from that communication." *See Don King Prods., Inc. v. Mosley*, No. 15-cv-61717-WILLIAMS, 2017 WL 3950930, at *3 (S.D. Fla. Jan. 27, 2016); *Kumbrink v. Hygenic Corp.*, No. 15-cv-23530-COOKE/TORRES, 2016 WL 5369334, at *2 (S.D. Fla. Sept. 26, 2016) ("Placing material on the Internet that is accessible in Florida constitutes an electronic communication into the state."); *see also Louis Vuitton*, 736 F.3d at 1352. Further, the DP Clause may be satisfied by a single act of copyright infringement when such an intentionally tortious act is aimed at Florida and causes harm that the defendant should have anticipated would be suffered in Florida. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008); *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Drawing all inferences in favor of Plaintiff, Plaintiff has sufficiently established that Defendant's use of the Photographs on its webpages and social media accounts

constitutes the intentional tort of copyright infringement, which caused harm to Plaintiff's intellectual property rights in Florida where Plaintiff resides and where the Photographs were accessed.³ (*See* Doc. 24, ¶¶ 3, 32.) Further, Plaintiff has sufficiently established that: (1) Defendant intentionally targeted Florida travelers through its websites and social media pages, which sites and pages are integral to Plaintiff's copyright infringement claim; and (2) Defendant knew or should have known that Plaintiff would be injured in Florida where he resides. Under these circumstances, both FLAS and the DP Clause are satisfied, and the MTD is due to be denied.

## V.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Special Appearance to File Motion to Dismiss for Lack of Personal Jurisdiction, for Failure to State a Claim for Which Relief Can Be Granted and for Improper Venue (Doc. 26) is **DENIED**.

2. Defendant's Informative Motion (Doc. 48) is **TERMINATED**.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of June, 2017.



ROY B. DALTON JR.
United States District Judge

---

³ Any findings made in this Order are solely for purposes of resolving the MTD and are not controlling going forward.

Copies to:

Counsel of Record